FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA W., | No. 2:20-CV-00134-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Chad Hatfield represents Andrea W. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on May 30, 2017, alleging disability since January 1, 2017, due to migraines, endometriosis, irritable bowel syndrome (IBS), PTSD, insomnia, frequent urination, and lower

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

back pain. Tr. 168-69. The application was denied initially and upon reconsideration. Tr. 286-89, 294-96. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on March 6, 2019, Tr. 84-120, and issued an unfavorable decision on April 19, 2019, Tr. 19-31. Plaintiff requested review of the ALJ's decision from the Appeals Council. Tr. 354-56. The Appeals Council denied the request for review on January 31, 2020. Tr. 1-5. The ALJ's April 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 31, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1992 and was 24 years old as of her alleged onset date. Tr. 30. She has an 11th grade education and did not obtain her GED. Tr. 114. She has a minimal work history, having worked briefly in a restaurant and doing housekeeping. Tr. 413, 1445. She initially applied for disability in 2013 and was denied in an ALJ decision in 2016. Tr. 142. She reapplied for benefits in 2017, following worsening of her pelvic/abdominal pain.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On April 19, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 19-31.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: fibromyalgia, migraines, chronic pelvic pain secondary to endometriosis vs. ovarian cysts, and post-traumatic stress disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22-23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, except:

> She cannot climb ladders, ropes or scaffolds; she can have no concentrated exposure to extreme cold, noise, or respiratory irritants; and she must avoid all hazards. In order to reduce stress in the workplace, the claimant needs a predictable environment with seldom change; she can only make simple judgments or decision-making; and she cannot perform fast-paced production rate of work.

Tr. 23-24.

At step four, the ALJ found Plaintiff did not have any past relevant work. Tr. 30.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of routing clerk, office helper, and mail clerk. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 31.

///

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly evaluating the medical opinion evidence and failing to develop the record and resolve ambiguities; (2) failing to adequately analyze the listings and find Plaintiff disabled at step three; (3) improperly discounting Plaintiff's subjective statements; and (4) making insufficient step five findings.

## DISCUSSION

### 1.    Medical experts

Plaintiff argues the ALJ erred in evaluating the testimony from the medical expert who testified at the hearing, Dr. Lynne Jahnke, and erred in failing to call on the services of the scheduled psychological expert. ECF No. 14 at 10-11.

#### *a. Dr. Jahnke, medical expert at the hearing*

At the hearing, Dr. Lynne Jahnke testified as a medical expert. Tr. 90-97. She identified Plaintiff's severe impairments as fibromyalgia, migraines, chronic constipation, and chronic right lower quadrant pain (sometimes described as back pain). Tr. 90. She also noted Plaintiff's history of endometriosis with surgery in 2012, 2014, and 2018, but noted that this was no longer a medical impairment. Tr. 90-91. She opined none of Plaintiff's conditions, singly or in combination, met or medically equaled any of the listed impairments, and stated Plaintiff was capable of performing light work with postural and environmental limitations. Tr. 92-94. Upon questioning from Plaintiff's representative, Dr. Jahnke testified that it was reasonable to expect Plaintiff would have unscheduled absences due to her impairments, but she could not estimate how many. Tr. 96.

The ALJ summarized this testimony in the decision and found it greatly persuasive due to Dr. Jahnke's review of the entire medical record and her

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

reasonable explanation of her opinion, and her opinion's consistency with the objective medical record showing normal diagnostic workups, unremarkable physical exams, and the lack of significant migraine treatment. Tr. 28-29.

Plaintiff argues the ALJ erred in failing to address or incorporate Dr. Jahnke's testimony that Plaintiff would have unscheduled absences from work. ECF No. 14 at 10. Defendant argues the ALJ was under no duty to further develop the record on this point as Dr. Jahnke's testimony was not ambiguous and the ALJ reasonably relied on the record as a whole in formulating the RFC without any limitations on attendance. ECF No. 15 at 5-6. Defendant further asserts that even if Dr. Jahnke's testimony was ambiguous, the ALJ reasonably resolved the ambiguity by interpreting the opinion to indicate Plaintiff would not have a disabling number of absences. *Id.* at 6.

While an ALJ need not discuss all evidence presented, they must explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.3d 1393, 1395-96 (9th Cir. 1984). The ALJ addressed the portions of Dr. Jahnke's testimony that assessed specific functional limitations. Her statement that Plaintiff reasonably could have some unscheduled absences but that she could not estimate how many was not probative of any limitations, and therefore the ALJ did not err in failing to discuss it. Furthermore, Dr. Jahnke's statements did not render the record ambiguous to the point of triggering the ALJ's duty to further develop the record. Other examining and reviewing sources evaluated Plaintiff's functional abilities and assessed no limitations regarding absenteeism. Tr. 186-88, 1447-48. Therefore, the ALJ's decision was supported by substantial evidence.

### b. Failure to call psychological medical expert

Plaintiff asserts the ALJ erred in failing to call on the services of the scheduled psychological expert at the hearing, arguing that the ALJ failed to develop the record and resolve ambiguous evidence regarding the psychological components to Plaintiff's conditions. ECF No. 14 at 11. Defendant argues the

record was sufficient for the ALJ to evaluate Plaintiff's mental impairments, and she was not required to develop the record any further. ECF No. 15 at 6.

The ALJ has a duty to develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The Court finds the ALJ did not err in failing to call on the psychological medical expert, as the record was not ambiguous or inadequate with respect to Plaintiff's mental impairments. The ALJ reasonably relied on the consultative examiner and the state agency reviewing doctors in formulating the RFC.

## 2.    Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 14 at 15-19.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's

1    statements concerning the intensity, persistence and limiting effects of those

2    symptoms were not entirely consistent with the medical evidence and other

3    evidence in the record. Tr. 24-25. The ALJ found Plaintiff's allegations to be

4    unsubstantiated by the objective medical evidence, the lack of any disabling

5    opinions from treating or examining medical sources, and Plaintiff's poor work

6    history, and contrary to Plaintiff's presentation at the hearing. Tr. 27-28.

7        Plaintiff argues the record does contain objective indications of her

8    conditions and treatment and opinions from doctors noting the substantial impact

9    of the conditions on her life, the ALJ improperly relied on her own observations

10   which are not reflected in the record, and that Plaintiff's lack of work history is

11   explained by her disability and young age. ECF No. 14 at 15-19. Defendant argues

12   the ALJ reasonably interpreted the record in finding Plaintiff's claims to be

13   unsubstantiated. ECF No. 15 at 14-18.

14       The Court finds the ALJ offered clear and convincing reasons for

15   discounting Plaintiff's subjective allegations. An ALJ may consider a claimant's

16   poor work history in evaluating her allegations of inability to work for medical

17   reasons. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Plaintiff had

18   minimal earnings even before her alleged onset date. Tr. 406. Plaintiff argues she

19   was young and would not have had many years to establish a work history and

20   initially alleged disability beginning in 2013; however, Plaintiff only had earnings

21   from the year she was 19, and did not allege disability on this application until she

22   was 24. Tr. 30, 406. The ALJ's interpretation of the record is reasonable.

23       Although it cannot serve as the sole ground for rejecting a claimant's

24   symptom statements, objective medical evidence is a "relevant factor in

25   determining the severity of the claimant's pain and its disabling effects." *Rollins v.*

26   *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably interpreted the

27   largely unremarkable objective findings in the record as being inconsistent with

28   Plaintiff's alleged disabling symptoms. An ALJ may also consider the treatments

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

received and their effectiveness. Social Security Ruling 16-3p. The ALJ reasonably found that Plaintiff's testimony conflicted with the evidence regarding the frequency of her treatment for migraines and evidence indicating her headaches improved with medication. Tr. 28.

The Court therefore finds the ALJ did not err in her evaluation of Plaintiff's subjective reports.

### 3.  Step 3 findings

Plaintiff argues the ALJ erred at step three by not conducting an adequate analysis and failing to find Plaintiff's conditions met or equaled a listing. ECF No. 14 at 12-14.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff argues the ALJ erred at step three by offering only a boilerplate discussion and failing to find her disabled under Listing 14.09D, alone or in combination with Listing 11.02 for her migraines and Listing 5.06B for weight loss. ECF No. 14 at 12-14. Defendant argues Plaintiff has not made a showing of medical findings equal in severity to any listing and argues the ALJ's finding is supported by the testimony of the medical expert. ECF No. 15 at 7-13.

The Court finds Plaintiff has not pointed to sufficient evidence to demonstrate listing-level severity of any of her impairments. A finding of medical equivalence must be based on the opinion of a medical consultant at the initial or reconsideration level or testimony from a medical expert at the hearing. Social Security Ruling 17-2p. The medical expert at the hearing testified that no listing

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

was met or equaled. Tr. 92-93. The ALJ's step three finding is supported by substantial evidence.

**4.      Step five findings**

Plaintiff argues that the ALJ erred in her step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 14 at 20. Plaintiff's argument is based on successfully showing that the ALJ erred in her treatment of the evidence. *Id.* Because the Court finds that the ALJ did not harmfully err in her treatment of Plaintiff's symptom statements and the medical evidence, Plaintiff's argument is without merit.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 12, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE